IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM R. GOLD,  )
    Plaintiff,  )
    )
    )
vs.  )  Civil Action No. 05-0570
    )
JO ANNE B. BARNHART,  )
COMMISSIONER OF SOCIAL  )
SECURITY,  )
    Defendant.  )

## JUDGMENT ORDER

Gary L. Lancaster,
District Judge.                                                                                          July 10, 2006

      This is an appeal from the final decision of the Commissioner of Social Security denying plaintiff's claim for Disability Insurance Benefits under Title II of the Social Security Act. Jurisdiction is proper in this Court pursuant to 42 U.S.C. § 405(g). Plaintiff, William R. Gold, alleges that the Administrative Law Judge's ("ALJ") decision that he is not disabled, and therefore not entitled to Disability Insurance Benefits, should be reversed because it is contrary to law and unsupported by substantial evidence. The Appeals Council denied plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner in this case. (R. at 5). The parties have filed cross-motions for summary judgment on this issue.

      Plaintiff contends that the ALJ erred in concluding that his subjective complaints were exaggerated and inconsistent with the totality of the evidence, that he retains the residual functional capacity to perform light exertional work, and that his hearing defect and depressive disorder are "non-severe" impairments within the meaning of 20 C.F.R. § 404.1521(a). (Br. for Plaintiff at 12-17). The Commissioner contends that there is substantial evidence to support the ALJ's ultimate conclusion that, although plaintiff is unable to perform any of his past relevant work, he is able to perform work at the light exertional level which exists in the national economy for purposes of 42 U.S.C. § 423(d)(2)(A). (Br. for Defendant at 12-21).

The legal standards governing the weighing of the evidence and the determination of the claimant's credibility have been clearly established. Where there is conflicting medical evidence in the record and a lack of clinical data to support the claimant's subjective complaints, the ALJ may reasonably conclude that the testimony of the claimant is outweighed by countervailing evidence. Newhouse v. Heckler, 753 F.2d 283, 286 (3d Cir. 1985). In determining that plaintiff's subjective complaints were not fully credible, the ALJ relied on evidence that plaintiff had quit several jobs subsequent to his alleged onset date "for reasons other than a physical or mental impairment." (R. at 20-21, 80-87). The ALJ also made reference to a physician's letter which indicated that plaintiff was more interested in pursuing a disability claim than he was in alleviating his medical problems. (R. at 21, 285). Under these circumstances, it is clear that the ALJ had valid reasons for concluding that plaintiff's "statements regarding his impairments and their impact on his ability to work [were] not consistent with the clinical and objective findings, his history of treatment, his medication regimen, his self-reported activities of daily living, and the other evidence in the record." (R. at 23).

A claimant's residual functional capacity is the most that he can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determined that plaintiff "retains the residual functional capacity to perform work at the light exertional level," but that he "must not climb, balance, stoop, kneel, crouch or crawl on more than an occasional basis, and must avoid the use of foot controls with the lower left extremity." (R. at 23). This residual functional capacity assessment was consistent with the findings of a state agency medical consultant. (R. at 21, 264-271). In support of his assessment, the ALJ noted that no treating or examining medical source had found plaintiff to be disabled or provided a medical source statement inconsistent with the ALJ's ultimate conclusion. (R. at 21). Accordingly, plaintiff's second argument is wholly without merit.

In McCrea v. Commissioner of Social Security, 370 F.3d 357 (3d Cir. 2004), the U.S. Court of Appeals for the Third Circuit described the second step of the Commissioner's sequential evaluation process as "a *de minimis* screening device to dispose of groundless claims." McCrea, 370 F.3d at 360, quoting McDonald v. Sec'y of Health and Human Res., 795 F.2d 1118, 1123 (1st Cir. 1986). In the instant case, the ALJ determined that plaintiff suffered from the

"severe" impairments of "degenerative disc disease of the lumbar spine, left peroneal palsy and neuropathy secondary to alcohol abuse, and alcohol abuse." (R. at 23). Therefore, this case proceeded past the second step of the analysis. The ALJ found plaintiff to be capable of substantial gainful activity at the *fifth* step of the sequential evaluation process. (R. at 24).

Plaintiff contends that "[o]nly claimants with slight abnormalities which do not have even a minimal effect on basic work activities can be denied at [the second] step." (Br. for Plaintiff at 16). In this case, however, plaintiff was not *denied* at the second step. Even if the ALJ had erred in concluding that plaintiff's hearing defect and depression were "non-severe" impairments, such an error would be inconsequential in light of the existence of other impairments which were found to be "severe." Since 20 C.F.R. § 404.1545(a)(2) requires the ALJ to consider the combined effect of the claimant's severe and non-severe impairments alike, specific severity determinations are not dispositive as long as at least one impairment is found to be severe. In any event, plaintiff has not demonstrated that his hearing defect and depression are severe impairments, and this Court is convinced that the ALJ's conclusions are based on substantial evidence.

Based on the evidence of record and the briefs filed in support of each party's summary judgment motion, the Court concludes that the Commissioner's decision is "supported by substantial evidence" for purposes of 42 U.S.C. § 405(g). The decision of the Commissioner denying plaintiff's application for disability benefits will be affirmed.

AND NOW, this 10th day of July, 2006, IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is DENIED and defendant's motion for summary judgment is GRANTED.

BY THE COURT:

_____, J.

cc:   All Counsel of Record